**SIGNED THIS: October 21, 2011**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERESE MARIA HERNANDEZ-CAMPBELL, | ) Bankruptcy Case No. 11-90812 |
| and DENNIS PARNELL CAMPBELL, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court for hearing on a Motion to Lift the Automatic Stay filed by Creditor, Homestar Bank and Financial Services (Homestar Bank), and Objection to Motion for Relief from the Automatic Stay filed by the Debtors; the Court, having heard arguments of counsel, having reviewed the record of Debtors' bankruptcy proceeding, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

      1.      The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on April 26, 2011.

      2.      The Debtors are owners of six pieces of real estate, namely: 309-311 S. Chicago, Kankakee, IL; plus or minus 34.3 acres, Momence, IL; 463 W. Charles Street, Kankakee, IL; 315 S. Chicago, Kankakee, IL; 975 N. Route 1-17, Momence, IL; and 556-558 E. Station Street, Kankakee, IL.

      3.      Creditor, Homestar Bank, holds a first mortgage lien on all of the real estate scheduled by the Debtors, with a total debt slightly in excess of $460,000.

      4.      Pursuant to appraisals submitted by Homestar Bank, the real estate has a value of approximately $530,500, whereas the Debtors value the real estate, per appraisal submitted, at the sum of $579,912.

      5.      There is no dispute that the Debtors are in arrears on payments on each of the promissory notes secured by mortgages on the subject real estate.

      6.      Creditor, Homestar Bank, seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), alleging that the Bank is not adequately protected as a result of the payment arrearages on each of its promissory notes.

      7.      The Debtors allege that there is a sufficient equity cushion in the real estate to protect Homestar Bank and that the Debtors are ready and willing to pay available funds to the Bank to reduce the arrearages on each of the promissory notes.

Conclusions of Law

This matter is controlled by 11 U.S.C. § 362(d)(1), which states:

> (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
>
>     (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.

A review of the appraisal evidence as submitted by the parties clearly indicates that, regardless of which valuation is considered, there is an equity cushion in the subject parcels of

real estate between 14% and 21%. In addition to the equity cushion, the Debtors have indicated that they have funds available to immediately pay to Homestar Bank to significantly reduce the current payment arrearages. The facts before the Court also indicate that the subject parcels of real estate are currently insured.

As a result of the equity cushion available in the subject real estate, the Debtors' ability to immediately pay funds over to the Bank to reduce the payment arrearages, and the presence of insurance on the real estate, the Court finds that Homestar Bank has failed to meet its burden of proof to show cause for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). The Court finds that Homestar Bank is adequately protected as a result of the equity cushion and insurance on the real estate, and that payment by the Debtors of funds available to reduce the payment arrearages on the subject promissory notes should provide further adequate protection for Homestar Bank's interest in the subject real estate. As such, the Court finds that the Motion to Lift the Automatic Stay filed by Homestar Bank and Financial Services should be denied at this time.

###